Wright, J.,
delivered the opinion of the Court.
*656 The complainant was the owner of an interest in remainder in the personal estate of his father, Charles Nickson who died in the year 1835, and who, by his will, devised his estate to his wife for life, with remainder to his children. The defendant, James R,. Toney, being a creditor of complainant, filed a bill in the chancery court at Carthage; and at the February term, 1843, of that court, succeeded in getting a decree to sell complainant’s share in the personal estate aforesaid, for the payment of what was due him. The same was duly sold by the clerk and master, and purchased by Toney, at the price of $310.00 ; and at the August term of the court, in the year 1843, the sale was confirmed, and, by decree, the title to the share was divested out of complainant and vested in Toney. In December, 1857, the widow of the testator — the tenant for life — died, and William Nickson, the surviving executor, filed a bill for a division of the estate ; and in .the report of the commissioners, which does not appear yet to have been confirmed, two slaves, Winnie and Betty, of the value, respectively of $900.00 and $416.00, were allotted to Toney, as the share of complainant in the personal estate. This report was made to the August term, 1858, of the chancery court. Betty has since died, and Winnie has had a child.
The complainant filed this bill, on the 10th of August, 1858, to recover of Toney the said slaves, upon paying him the $310.00 and interest. He does not question the regularity or legality of the decree, or sale under it; nor does he distinctly state that the purchase made by Toney was intended as a mortgage. The ground of recovery stated is, that previous to the filing of the bill by Toney, and while the same was pending, and before his purchase of the share of complainant, he agreed with complainant that he would purchase in said share, and that complainant might, at any time, have it back, by paying to him the purchase money and interest; that there was no time fixed for the payment; and that, because of this agreement, he did not defend the suit; that Toney has ever since recognized his right to have the *657 share upon the terms stated, until about the time of the division, when he set up an absolute title, unless complainant would make him the further payment of a demand, which he considered unjust. The complainant made a tender of the $310.00 and interest.
The defendant, Toney, in his answer denies, positively, any such agreement, either prior to the filing of the till, during its pendancy, or before the sale and purchase by him,; but admits that after he had made the purchase, and before he left the place of sale, complainant, his mother, and brother, who were present and were his friends, being distressed at the loss of the share by complainant, he did agree that if complainant would repay him the purchase money and interest, and any debts he might owe him, he should have the share back ; that this was merely gratuitous and done of kind feelings to the family, and in no way binding on him ; but which he was willing, and offered repeatedly, to carry out; that though no time was fixed for the payment, yet be did not expect complainant to delay it fifteen years; that having fallen in debt to him in the sum of $200.00, for a horse, complainant had ungratefully refused to pay this debt, and had, in other respects, annoyed him until he felt justified to insist, as he did, upon his absolute title to said share.
The Chancellor refused the complainant any relief. In this opinion we concur. It is not to be questioned that, at a clerk and master’s sale to pay debts, the relation oí mortgagor and mortgagee may be created by an arrangement at the time of the sale, or anterior thereto, that the creditor should become purchaser and hold the property as security for the debt. And at the same time, the right of re-purchase, instead of the mortgage, if the parties so intend, may be retained, by stipulation. But to establish either the one or the other, by parol evidence, as is attempted here, in the face of the decree and absolute purchase by Toney, it has always been held that the proof must be cogent and clear. Lane v. Dickerson, 10 Yer., 373-6; Loyd v. Currin, 3 Hum., 462-4. Here the proof, to our mind, entirely fails to make out any *658 such agreement. It will not be insisted that a mere voluntary promise, made after the sale and purchase, by the defendant, can give the complainant any title. The answer so states the promise, and the conduct of the defendant, and the proof, are consistent with it. It matters not how often the defendant was willing to let complainant have the shares, unless the agreement were contemporaneous with, or anterior to the sale, or based upon some new and valid consideration, it could have no effect towards clothing complainant with any title. McDonald et al. v. McLeod, 1 Ird. Eq., 221-8. Here it is not pretended that the debt of Toney, established in the decree, was unjust; that any unconscientious advantage was taken of complainant; that the share sold for less than its then value, or that there was any inadequacy in the transaction. Indeed, the case is without allegation or proof on this subject. Neither is it alleged, or pretended, that fair competition was prevented, or the right of complainant in any way sacrificed. The relief is asked solely upon the ground of the agreement at and before the sale. But the proof fails to establish it, and the relief must fail with it.
The decree of the chancellor will be affirmed.